IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Melvin A. Brown, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>Mark Bolster, )<br>)<br>    Respondent. )<br>) | Civil Action No. 6:19-605-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    The petitioner, a federal inmate at Petersburg Low Federal Correctional Institution ("Petersburg Low FCI"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief (doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. For the reasons set forth below, it is recommended that the petitioner's § 2241 petition be transferred to the United States District Court for the Eastern District of Virginia.

### BACKGROUND

    The petitioner is a federal prisoner at Petersburg Low FCI in Petersburg, Virginia (doc. 1 at 1). The petitioner alleges that he is serving a term of 90 months with a projected release date of June 25, 2019 (*id.* at 2). The undersigned takes judicial notice of the petitioner's criminal proceeding in the United States District Court for the District of South Carolina.[1] *See United States v. Brown*, Cr. No. 3:13-865-TLW (D.S.C.).

    The petitioner files the instant petition pursuant to the First Step Act of 2018, which adjusted the way the Federal Bureau of Prisons ("BOP") calculates "good time" (doc.

---

[1] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

1 at 1). For relief, the petitioner seeks an order from the court to have the BOP give the petitioner credit for 52 additional good credit time days per the First Step Act's new computation of credit time (*id.* at 3).

## STANDARD OF REVIEW

The undersigned has reviewed the petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (*see* Rule 1(b) (applying these rules to habeas actions brought under 28 U.S.C. § 2241)); the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and other habeas corpus statutes. As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

A court may grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained," 28 U.S.C. § 2243. Therefore, the proper party respondent in a § 2241 action is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation and emphasis omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted). In the instant matter, the petitioner is

incarcerated at Petersburg Low FCI, in Petersburg, Virginia; therefore, this court lacks personal jurisdiction over the respondent, the petitioner's custodian. Accordingly, the undersigned recommends that the court transfer the petitioner's § 2241 habeas petition to the Eastern District of Virginia for further processing. *See* 28 U.S.C. § 1631 (noting that a district court should transfer a habeas petition to the proper district court, so long as the transfer would further the interest of justice).

## **RECOMMENDATION**

Accordingly, it is recommended that the district court transfer the instant matter to the United States District Court for the Eastern District of Virginia for all further proceedings.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

March 7, 2019
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).